# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | 4:18-cr-20268; 4:18-cr-20086 |
| JOSEPH DESANTO, | ) | Judge: Hon. Linda V. Parker |
| | ) | MJ: Hon. Stephanie Dawkins Davis |
| Defendant | ) | |

## RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR CLARIFICATION

The United States of America, by and through the undersigned attorney, hereby respectfully submits its response in opposition to Defendant's Motion for Clarification of Orders Setting Conditions of Release. (4:18-cr-20268 Doc. 43; 4:18-cr-20086 Doc. 59). As Defendant is attempting to use his pending arbitration as a means to receive documents and secure testimony relevant to an ongoing investigation but beyond the scope required for production by the government pursuant to Fed. R. Crim. P. 16 and not relevant to the discrete charges in the above-captioned matters, the Court should deny his motion and not permit him to interact with likely witnesses in the above-captioned matters.

Respectfully submitted,

MATTHEW SCHNEIDER
United States Attorney

s/Mark McDonald
Mark McDonald
William Guappone
Trial Attorneys
Department of Justice, Tax Division
601 D Street N.W., Rm. 7544
Washington, DC 20004
mark.s.mcdonald@usdoj.gov
202-305-2672

Dated: October 26, 2018

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA )  )  v.                                                      )  ) JOSEPH DESANTO,                       )  ) Defendant          ) | 4:18-cr-20268; 4:18-cr-20086 Judge: Hon. Linda V. Parker MJ: Hon. Stephanie Dawkins Davis |

### MEMORANDUM BRIEFF IN SUPPORT OF RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR CLARIFICATION

**Issue Presented**: May Defendant JOSEPH DESANTO use an arbitration proceeding to obtain evidence and witness testimony beyond the scope required for production by the government pursuant to Fed. R. Crim. P. 16?

**Authority**: *Campbell v. Eastland*, 307 F.2d 478 (5th Cir. 1970); *Benevolence Int'l Found., Inc. v. Ashcroft*, 200 F. Supp. 2d 935 (N.D. Ill. 2002).

The United States of America, by and through the undersigned attorney, hereby respectfully submits its memorandum brief in support of its response in opposition to Defendant's Motion for Clarification of Orders Setting Conditions of Release. (4:18-cr-20268 Doc. 43; 4:18-cr-20086 Doc. 59). Defendant is attempting to use his pending civil arbitration to receive documents and secure evidence relevant to an ongoing investigation into Defendant's business and personal activities. The Court should deny his motion and not permit him to secure testimony from likely witnesses in the above-captioned matters or to secure evidence and testimony from the ongoing investigation.

Defendant is currently charged in two separate indictments. In 4:18-cr-20268, Defendant is charged with conspiring to commit theft from an organization receiving federal funds and theft

from an organization receiving federal funds, based on his involvement in a scheme to illegally acquire police reports for use in soliciting car accident victims. (4:18-cr-20268 Doc. 1). The complex scheme to acquire police reports for use in solicitation spanned from at least in or about June 2011 through in or about December 2013, and involved businesses identified in the charging document as Entity A, Entity B, Entity C, Entity D, B Abell, Inc., and USA Direct. In 4:18-cr-20086, Defendant is charged with failure to collect, truthfully account for, and pay over payroll taxes for Integrated Management. (4:18-cr-20086 Doc. 1). As Defendant is well aware, the government continues to investigate individuals and businesses with ties to Defendant.

The terms of Defendant's pretrial release in both cases require that he avoid all contact, directly or indirectly, with any person who is or may become a victim or witness in the investigation or prosecution, including but not limited to victims, witnesses, and co-defendants, except in the presence of counsel. (See, e.g., 4:18-cr-20086 Doc. 14 at 2). Defendant and his counsel are aware that the relevant arbitration involves witnesses and documents generated by Entity A, Entity B, Entity C, Entity D, B Abell, Inc., and USA Direct during the time period of June 2011 through December 2013. Defendant nevertheless seeks permission to engage in extensive contact with David Katz, Scott Zack,[1] and other likely witnesses against him, in an arbitration proceeding. (4:18-cr-20268 Doc. 43).

A defendant awaiting trial should be released on the least restrictive set of conditions that reasonably assure their appearance at trial and the safety of other people and the community. 18 U.S.C. § 3142. Included among the contemplated conditions that may be necessary is that the

---

[1] On June 11, 2018, and July 18, 2108, David Katz and Scott Zack, respectively, each entered a guilty plea to one count of Structuring a Financial Transaction, in violation of 31 U.S.C. § 5324 in matter 4:18-cr-20368. On June 7, 2018, a protective order was entered in matter 4:18-cr-20368, protecting discovery materials from disclosure outside of relevant criminal proceedings. (4:18-cr-20368, ECF No. 26).

defendant "avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense . . . ." § 3142(c)(1)(B)(v). In determining what conditions of release to impose, courts are directed to consider the nature and circumstances of the offense charged, the weight of evidence against the defendant, the history and characteristics of the defendant, and the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. § 3142(g). Here, despite the strong evidence against Defendant, his criminal record, and the fact that he faces multiple charges based on different types of criminal conduct, the government did not seek detention, instead seeking a set of conditions that included a ban on interaction with prospective witnesses against him.

Moreover, a defendant should not be permitted to use civil proceedings to expand criminal discovery beyond the scope of Fed. R. Crim. P. 16 and gain access to testimony or discovery materials related to an ongoing criminal investigation involving the civil litigants. *Campbell v. Eastland*, 307 F.2d 478 (5th Cir. 1970) (holding individuals should not be permitted to use the civil discovery rules to avoid the restrictions on criminal discovery and obtain documents they would have been unable to obtain in the criminal case); *see Benevolence Int'l Found., Inc. v. Ashcroft*, 200 F. Supp. 2d 935, 939 (N.D. Ill. 2002) ("a trial court should not permit a defendant in a criminal case to use liberal civil discovery procedures to gather evidence to which he might not be entitled under the more restrictive criminal rules") (collecting cases where the holding in *Campbell* was applied to limit a defendant's ability to use civil proceedings to circumvent the scope of criminal discovery).

Here, while Defendant seeks to contact multiple likely witnesses, he fails to explain why such contact is necessary and does not inform the Court that such contact would greatly expand his access to discovery materials and testimony beyond the scope of Fed. R. Crim. P. 16 and

grant him access to evidence from an ongoing criminal investigation. Indeed, Defendant fails to provide any reason why the pending arbitration could not be delayed until after his pending trials, currently set for June 24, 2019 (4:18-cr-20086), and July 29, 2019 (4:18-cr-20268). It appears the real reason Defendant seeks to move forward with the arbitration is to receive discovery documents from Scott Zack and David Katz that are subject to a criminal protective order, as well as to secure testimony and evidence from other likely witnesses who worked for Entity A, Entity B, Entity C, Entity D, B Abell, Inc., and USA Direct during the relevant time period. The bulk of materials and testimony the government believes Defendant seeks are materials that are not relevant to the above-captioned matters, which pertain to a larger, ongoing investigation of individuals and entities with connections to Defendant.[2] The risk that Defendant would share these materials with the subjects of the ongoing investigation or otherwise obstruct that investigation is substantial, and represents a danger to the community. In addition, Defendant's contact with the likely witnesses presents a danger to the community and to the likely witnesses based on the traditional reasons supporting a ban on contact with witnesses: the risk that Defendant will use the interactions as an opportunity to gain leverage over or intimidate them.

      Accordingly, Defendant's motion should be denied and he should continue to be forbidden from interacting with likely witnesses in this case, whether in the context of his ongoing arbitration or elsewhere.

---

[2] These materials are covered by protective orders.

                                        Respectfully submitted,

                                        MATTHEW SCHNEIDER
                                        United States Attorney


                                        <u>s/Mark McDonald</u>
                                        Mark McDonald
                                        William Guappone
                                        Trial Attorneys
                                        Department of Justice, Tax Division
                                        601 D Street N.W., Rm. 7544
                                        Washington, DC 20004
                                        Mark.s.mcdonald@usdoj.gov
                                        202-305-2672

Dated:  October 26, 2018

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was filed with the Court using the Court's electronic filing system (CM/ECF), and electronically served through that system to all counsel of record.

                                                 s/Mark McDonald
                                                 Mark McDonald
                                                 (VA 72198)