UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JOSEPH DESANTO,

        Defendant.

_____/

CRIMINAL NOS.: 4:18-CR-20086
4:18-CR-20268
2:19-CR-20258

HON. Laurie J. Michelson

F I L E D
MAY - 1 2019
CLERK'S OFFICE
U.S. DISTRICT COURT
ANN ARBOR, MI

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, Defendant and the government agree as follows:

**1.**    **OFFENSE AND MAXIMUM PENALTIES**

    **A.**    **Counts of Conviction**

Defendant agrees to enter a plea of guilty to:

1)    Count Two of the Indictment (Docket No. 4:18-cr-20086), Failure to Pay Over Payroll Tax, in violation of 26 U.S.C. § 7202.

2)    Count One of the Information (Docket No. 2:19-cr-20258), Willful Failure to File Return, in violation of 26 U.S.C. § 7203.

    **B.**    **Maximum Penalties**

Defendant understands that the relevant maximum penalties for:

1)    Count Two of the Indictment (Docket No. 4:18-cr-20086), Failure to Pay Over Payroll Tax, is five years imprisonment, a three-year

      period of supervised release, a $250,000 fine, restitution, and a $100 special assessment.

2) Count One of the Information (Docket No. 2:19-cr-20258), Willful Failure to File Return, is one year imprisonment, a one-year period of supervised release, a $100,000 fine, restitution, and a $25 special assessment.

Defendant further understands that supervised release may be revoked if its terms and conditions are violated. Thus, a violation of supervised release increases the possible period of incarceration and makes it possible that the Defendant will have to serve the original sentence, plus a substantial additional period, without credit for time already spent on supervised release.

Defendant understands that he must provide the government with a receipt for the payment of the special assessments for each count, totaling $125, before sentence is imposed.

### C. **Restitution**

The Defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses. The Defendant agrees his relevant conduct arising from Count Two of the Indictment and Count One of the Information caused an additional total tax due and owing to the IRS for the time period of Tax Years 2010 to 2018 of an amount of more than $40,000 and less than $100,000. The Defendant agrees that, pursuant to 18 U.S.C. §§ 3663 and 3663A and §§ 3563(b)(2) and 3583(d), the Court may order restitution of the full amount of the actual, total loss caused by the offense conduct set forth in the factual stipulation.

Pursuant to 18 U.S.C. §§ 3663(a)(3) and 3663A(a)(3), and any other statute permitting the parties to enter an agreement specifying to whom restitution should be paid, the Defendant agrees to the entry of a Restitution Order in an amount determined by the office of Probation.

The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of funds obtained as a result of the criminal conduct set forth in the factual stipulation as well as any funds that may be available as substitute assets for the purpose of restitution. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement.

Defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, Defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full. The IRS will use the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). Defendant does not have the right to challenge the amount of this restitution-based assessment. See 26 U.S.C. § 6201(a)(4)(C). Neither the

existence of a restitution payment schedule nor Defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment.

Defendant understands and agrees that the plea agreement does not resolve Defendant's civil tax liabilities, that the IRS may seek additional taxes, interest, and penalties from Defendant relating to the conduct covered by this plea agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise Defendant's obligation to pay any remaining civil tax liability. Defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments.

**D.** **Elements of Offense**

Defendant understands that the elements of

1) Count Two of the Indictment (Docket No. 4:18-cr-20086), Failure to Pay Over Payroll Tax, in violation of 26 U.S.C. § 7202, are:

   a. Defendant had a duty to collect, truthfully account for, and pay over payroll taxes for Integrated HCS Practice Management, L.L.C. ("Integrated Management") for the 4th quarter of 2013;

   b. Defendant failed to pay over the payroll taxes for Integrated Management as required; and

   c. Defendant acted willfully.

2) Count One of the Information (Docket No. 2:19-cr-20258), Willful Failure to File Return, in violation of 26 U.S.C. § 7203, are:

4

      a.    Defendant was a person required to file an income tax return for tax year 2013;

      b.    Defendant failed to file an income tax return for tax year 2013 at the time required by law; and

      c.    The failure to file was willful.

### E. Waiver of Venue

Defendant has been advised that he has venue rights, pursuant to the Sixth Amendment of the United States Constitution and under Rule 18 of the Federal Rule of Criminal Procedure, to be prosecuted for Count Two of the Indictment (Docket No. 4:18-cr-20086), the violation of 26 U.S.C. § 7202, in the federal judicial district where the individual was required to account for and pay over payroll taxes, and to be prosecuted for Count One of the Information (Docket No. 2:19-cr-20258), the violation of 26 U.S.C § 7203, in the federal judicial district where the return should have been filed. Understanding these rights, Defendant knowingly and voluntarily waives said venue rights and expressly consents to trial and prosecution of these charges in Genesee County in the Eastern District of Michigan.

### F. Factual Basis for Guilty Plea

Defendant admits the following facts and submits them as a sufficient and accurate basis for Defendant's guilty plea:

1) Integrated HCS Practice Management ("Integrated Management") was a limited liability company operating in Southfield, Michigan. Integrated

Management was an entity that provided management services to healthcare providers.

2) Defendant EDWARD CESPEDES was a Managing Partner for Integrated Management and held an ownership interest in the entity. Defendant CESPEDES exercised control over Integrated Management finances, possessed signatory authority over its operating account, and controlled its expenditure of funds to pay expenses.

3) Defendant JOSEPH DESANTO performed work for Integrated Management, and had influence over Integrated Management's finances and day-to-day operations, including its expenditure of funds to pay expenses.

4) As a person who had influence over Integrated Management's finances and day-to-day operations, and its expenditure of funds to pay expenses, Defendant JOSEPH DESANTO was a "responsible person."

5) From in or about February 2013 to in or about February 2014, Integrated Management withheld tax payments from its employees' paychecks. However, beginning in or about September 2013, Integrated Management failed to make timely payments of the full amount of the taxes due to the Internal Revenue Service.

6) During calendar year 2013, Defendant JOSPEH DESANTO, who was a resident of Boca Raton, Florida, and elsewhere, had and received gross income in excess of $20,000. By reason he was required by law, following the close of the calendar year 2013 and on or before April 15, 2014, to make an income tax return to the Internal Revenue Service Center or to another Internal

Revenue Service office permitted by the Commissioner of Internal Revenue, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing all of the foregoing, he did willfully fail, on or about April 15, 2014 in the Eastern District of Michigan and elsewhere, to make an income tax return.

## 2. SENTENCING GUIDELINES

### A. Standard of Proof

The Court will find sentencing factors by a preponderance of the evidence.

### B. Agreed Guideline Range

There are no sentencing guideline disputes.

1) Count Two of the Indictment (Docket No. 4:18-cr-20086):

The parties agree and stipulate that Defendant is responsible for a combined amount of payroll taxes due and owing for Integrated Management totaling approximately $217,000 for the relevant time period of the 3rd quarter of 2013, 4th quarter of 2013, and 1st quarter of 2014. The parties agree and stipulate that regarding this Count, Defendant's Sentencing Guidelines range should therefore be calculated based on an criminal tax loss amount of $217,000, which results in a base offense level of 16, pursuant to §§ 2T1.6(a) and 2T4.1(F) of the Sentencing Guidelines. Regarding this Count, the parties agree and stipulate that no specific offense characteristics apply. The parties stipulate and agree the adjusted offense level for this Count is 16.

2) Count One of the Information (Docket No. 2:19-cr-20258):

7

The parties agree and stipulate that, pursuant to United States Sentencing Guidelines Manual (U.S.S.G.) §§ 2T1.1(a)(1) and 2T4.1(E) the base offense level is 14 based on a tax loss of $83,000. The parties agree Defendant is responsible for $50,000 in income tax due and owing for tax year 2013 arising from his willful failure to file a 2013 Form 1040, and $33,000 in income tax due and owing for tax year 2014 arising from his willful failure to file a 2014 Form 1040. The parties agree the conduct underlying his willful failure to file a tax return for 2013 was entirely separate from his failure to pay over payroll taxes, and that the loss amounts for the two offenses do not overlap. Regarding this Count, the parties agree and stipulate that no specific offense characteristics apply. The parties stipulate and agree the adjusted offense level for this Count is 14.

3) Combined Adjusted Offense Level

The parties agree and stipulate that the Counts are grouped together pursuant to § 3D1.2(d). The parties agree and stipulate the offense level applicable to the Group is 18, based on a combined loss amount of $300,000, pursuant to § 3D1.3(b) and § 2T4.1(G).

The parties agree and stipulate that, as of the date of this agreement, Defendant has demonstrated acceptance of responsibility for his offense and is eligible for a two-level downward adjustment in offense level under § 3E1.1(a) of the Sentencing Guidelines. The government agrees to make a motion pursuant to § 3E1.1(b) for an additional 1-level decrease in recognition of the Defendant's intention to plead guilty. The government may oppose any adjustment for

acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual basis listed above; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, the government, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty. If the Defendant obtains a 3-level reduction, the parties agree the final offense level will be 15.

4) Final Calculations

The parties agree and stipulate that Defendant's criminal history category is II. Accordingly, the parties stipulate and agree that, except as provided below, Defendant's guideline range is 21 to 27 months. If the Court finds:

    a.    that Defendant's criminal history category is higher than II, or

    b.    that the offense level should be higher because, after pleading guilty, Defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than 21 to 27 months, the higher guideline range becomes the agreed range. However, if the Court finds that Defendant is a career offender, an armed career criminal, or a repeat

9

and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does *not* authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines different than the position reflected above.

### 3. SENTENCE

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the applicable range under the sentencing guidelines.

#### A. Imprisonment

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the parties agree that they will not recommend a sentence of imprisonment exceeding the top of the sentencing guideline range as determined by Paragraph 2.

#### B. Supervised Release

There is no agreement with respect to supervised release. The Court may impose any term of supervised release up to the statutory maximum term, which in this case is three years on Count Two of the Indictment (Docket No. 4:18-cr-20086) and one year on Count One of the Information (Docket No. 2:19-cr-20258). The agreement concerning imprisonment described above in Paragraph 3.A. does not apply to any term of imprisonment that results from any later revocation of supervised release.

4. **WAIVER OF RIGHT TO APPEAL**

If the sentence imposed does not exceed the statutory maximum, Defendant waives any right he has to appeal his conviction or sentence. If the sentence imposed is within the guideline range determined by Paragraph 2 the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range.

5. **SUPPLEMENTAL AGREEMENT**

The written supplemental agreement between Defendant and the government, which is dated May 1, 2019, is part of this plea agreement.

6. **COOPERATION WITH THE INTERNAL REVENUE SERVICE**

The Defendant agrees that he will cooperate fully with the Internal Revenue Service ("IRS") as follows:

A. Defendant agrees that, prior to sentencing, he will file individual income tax returns or amended income tax returns for tax years 2010 through 2018 and pay, or enter an installment agreement payment plan to pay, any tax due and owing to the Internal Revenue Service.

B. Defendant further agrees to provide to the IRS or any state taxing authority any information requested regarding Defendant's individual income tax liabilities for the tax years 2010 through 2018. Defendant further agrees to pay to the IRS and to any state taxing authority the taxes, penalties, and interest due and owing by him for the tax years 2010 through 2018. Defendant understands that interest as fixed by statute will continue to accrue until his civil tax liabilities are fully paid. In the event that Defendant fails to comply with this provision of

the agreement, the government may void this agreement in whole or in part. Nothing in this agreement shall limit the authority of the IRS or a state taxing authority to collect Defendant's tax liabilities in any manner authorized by law.

Defendant specifically authorizes release by the IRS or other investigative agency to any taxing authority and their representatives of information for purposes of making tax assessments. Defendant further agrees to assent to the filing and allowance of a motion under Rule 6(e) of the Federal Rules of Criminal Procedure, to permit the disclosure of matters occurring before the grand jury for this purpose, provided the Defendant receives a copy.

By entering into this Agreement, the government does not compromise any federal or state civil liability, including but not limited to any tax liability that Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in this Agreement. Defendant agrees that this agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise the Defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS or to a state taxing authority for the time periods covered by this Agreement or any other time.

Nothing in this agreement shall limit the Internal Revenue Service in its assessment and collection of any taxes, penalties or interest due from the Defendant.

## 7. LEGAL REPRESENTATION

Defendant is satisfied with the legal representation provided by Defendant's lawyer. Defendant and his lawyer have fully discussed this plea agreement, and Defendant is agreeing to plead guilty because Defendant admits that he is guilty.

## 8. CONSEQUENCES OF A WITHDRAWN GUILTY PLEA

If Defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against Defendant within six months after the date the order vacating Defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea, Defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired, provided that such charges were timely under the applicable limitations period as of the date this agreement was executed. If the Court allows Defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B), Defendant waives his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement against him in any proceeding.

## 9. EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2.

Defendant may withdraw from this plea agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the statutory maximum. This is the only reason for which Defendant may withdraw from this agreement.

## 10. PARTIES TO THE PLEA AGREEMENT

This agreement does not bind any government agency except the U.S. Attorney's Office for the Eastern District of Michigan and the Tax Division of the Department of Justice (the "Government").

## 11. SCOPE OF THE PLEA AGREEMENT

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. It supersedes all other promises, representations, understandings, and agreements between the parties concerning the subject matter of this plea agreement that are made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to Defendant or to Defendant's attorney at any time before Defendant pleads guilty, including any prior plea agreement offers, are binding except to the extent they have been explicitly incorporated into this agreement.

The Government agrees that no further criminal charges will be brought against the Defendant based on acts committed during the business activities and operations of United Health Group, Who Can I Sue, Ferox, MI Pro Consulting, Integrated HCS Practice Management, Sereno Marketing, B Abell Inc., or their related entities from 2009 to 2017. This agreement does not bar prosecution of the Defendant for subsequent charges of perjury or giving a false statement.

This agreement does not prevent any civil or administrative actions against Defendant, or any forfeiture claim against any property, by the United States or any other party.

## 12. ACCEPTANCE BY THE DEFENDANT

This plea offer expires unless it has been received, signed by Defendant and his attorney, at the Northern Criminal Enforcement Section of the Department of Justice Tax Division by 10:00 A.M. on Friday, April1 9, 2019. The government reserves the right to modify or revoke this offer at any time before Defendant appears and pleads guilty.

ROSEMARY E. PAGUNI
*Chief*
*Northern Criminal Enforcement Section*
U.S. Department of Justice, Tax Division

_____
MARK MCDONALD
WILLIAM GUAPPONE
*Trial Attorneys*

Date:  May 1, 2019

By signing below, Defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

_____          _____
MARK KRIGER, ESQ.                                              JOSEPH DESANTO
*Attorney for Defendant*                                         *Defendant*

Date:  May 1, 2019

Appendix A

Clear Imaging LLC , Horizon Imaging LLC, Life Line Imaging LLC, Universal Health Group LLC, UHG Management, LLC, United Wellness Centers Inc.(UWC); UWC Management, LLC, Associated Surgical Center of Dearborn LLC, F&M Holdings LLC, American Surgical Centers II, LLC, Synergy Holdings, LLC, Synergy Orthopedic & Spine Surgery Center, LLC, Oakland Surgery Center, Inc, Health Care Management and Venture Capitalists, LLC; (HCMVC) UHG 2, LLC; UHG Boca, LLC; Celentano Consulting Company, LLC; Mary Rose Thompson, in her capacity as manager of Celentano Consulting Company, LLC; Professional Holdings Unlimited, LLC; Medical Management Partners, LLC; Health Care Management and Venture Capitalists, LLC; SID Holdings, LLC; Mary Rose Thompson, in her capacity as manager of SID Holdings, LLC; JK Family Support Trust; Lincoln Park Building, LLC; Magnality, LLC; WCIS Media, LLC, Digital Footprint Media, LLC, Greater Michigan Professional Services, LLC, FEROX Inc, Boca Management Partners, LLC., VIACD Holdings LLC, Integrated Healthcare Systems, LLC, SERENO Marketing, B Abell Inc, and each of their successors, assigns, parents, subsidiaries, affiliates, predecessors, employees, agents, heirs, contractors, and executors or other related entities